# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, CINCINNATI

| | |
|---|---|
| DONALD P. MOLLIS<br>6324 Holloway Drive<br>Liberty Township, OH 45044<br><br>Plaintiff,<br><br>vs.<br><br>RELIANCE STANDARD LIFE<br>INSURANCE COMPANY<br>1700 Market Street, Suite 1200<br>Philadelphia, PA 19103<br><br>Defendant. | CASE NO.   1:22-cv-333<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR WRONGFUL**<br>**TERMINATION OF BENEFITS**<br>**(ERISA)** |

For his Complaint against Defendant, Reliance Standard Life Insurance Company ("Reliance"), Plaintiff Donald P. Mollis ("Mollis") states as follows:

## INTRODUCTION

1. This action is brought by Donald Mollis ("Plaintiff") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). Plaintiff seeks to recover Long Term Disability Benefits due under his ERISA-covered employee benefits plan, and for Defendant's other ERISA violations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. 1331, in that the claim arises under the laws of the United States of America.  Jurisdiction is conferred on this Court by 29 U.S.C. §1132(e)(1) and (f), which gives the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan.

3. The ERISA statute, at 29 U.S.C. §1133, provides a mechanism for administrative or internal appeal of benefits denials.  In this case, those mechanisms have been exhausted and this matter is now properly before the Court for judicial review.

4. Venue is proper is this District Court, pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2), and 28 U.S.C. §1391.  Plaintiff resides in and was employed in and Defendant was doing business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff, Donald P. Mollis, is a resident of the state of Ohio and was a participant under the Plan through his employer.

6. At all times relevant, Danis Building Construction, Co. (hereinafter "Danis") was an employer within the State of Ohio and Defendant Reliance's policyholder as defined under ERISA.

7. As an employee of Danis, Plaintiff was eligible to participate in the Danis Group Long-Term Disability Insurance Plan (hereinafter "Plan").

8. Upon information and belief, Defendant Reliance is the insurer of and the party obligated to pay benefits under the Plan issued to Danis.

9. Upon information and belief, Defendant Reliance was the sole entity responsible for determining whether claims such as Plaintiff's would be paid.  As such, Defendant Reliance is the claim administrator and a fiduciary of the plan for the purpose of determining payable benefits and is, therefore, a proper party under the present claims.

10. At all relevant times, Plaintiff was a beneficiary under the Plan and entitled to long-term disability benefits thereunder.

11. At all relevant times herein, the administration of this Plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").

## STATEMENT OF FACTS

12. Plaintiff at all times relevant was employed by Danis as a carpenter.

13. As an employee of Danis, Plaintiff was eligible for long-term disability insurance benefits under the Plan.

14. Plaintiff stopped working on or around December 22, 2018 as a result of vertigo and new onset atrial fibrillation.

15. Around that same point in time, Plaintiff suffered two strokes.

16. In early 2019, Plaintiff filed a claim for long-term disability benefits under the Plan because of his ongoing debilitating health conditions.

17. In September 2019, despite some physical improvement, Plaintiff was found to have inefficient working memory, variable processing speeds and variable executive functioning.

18. Plaintiff was thereafter granted long-term disability benefits under the Plan by Reliance.

19. In early 2021 Reliance reviewed Plaintiff's claim under the "any occupation" definition in the policy or Plan to determine whether he was able to perform the material duties of any occupation that Plaintiff's education, training or experience might reasonably allow.

20. On March 1, 2021, Reliance sent Plaintiff a letter advising him that he no longer satisfied the policy provisions and informing him that benefits under the Plan would be discontinued effective March 22, 2021.

21. Plaintiff was a qualified participant under the Plan at the time of his medical separation from Danis.

22. Plaintiff was awarded disability insurance benefits by the Social Security Administration in 2020 and continues to receive those benefits under a finding of disability by that agency.

23. Plaintiff timely appealed Reliance's termination or discontinuation of benefits and in connection with such appeal Reliance sent Plaintiff's file out for a physician review which was completed on or about November 15, 2021.

24. Said review noted that cognitive impairment could not be determined based on 2019 records.

25. Plaintiff submitted multiple notes from his physicians documenting significant cognitive impairment, barriers to work place stress, and ongoing functional deficits.

26. Defendant relied solely on its physician review and ignored the ongoing debilitating conditions and associated symptoms documented in Plaintiff's treating physician records.

27. Defendant, despite the ability to do so, did not send Plaintiff for an Independent medical examination or evaluation nor did it arrange for cognitive testing to be done to determine whether Plaintiff's residual level of functioning was or was not as documented by his physician statements and records.

28. By letter dated March 1, 2021, Defendant notified Plaintiff that it was affirming its prior decision to terminate or discontinue payment of long-term disability benefits under the Plan and denied Plaintiff's appeal of such prior decision.

29. Plaintiff has exhausted all administrative remedies and his claim is ripe for judicial review pursuant to 29 U.S.C. §1132.

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. §1132**

28. Plaintiff realleges paragraphs 1 through 29, as if fully rewritten herein.

29. Plaintiff is disabled per the terms of the Plan and is entitled to continued payment of long-term disability benefits under the Plan.

30. Plaintiff was, and is, unable to perform the material duties of his own occupation and he cannot perform the material duties of any other occupation which his education, training, or experience would reasonably allow.

31. Plaintiff is not reasonably expected to be able to perform the material duties of any position suited to his age, education or training and this will likely remain the case for the remainder of his life.

32. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled and eligible for continued payment of long-term disability benefits.

33. Defendant's decision terminating or discontinuing payment of benefits under the Plan was erroneous, arbitrary, capricious, and an abuse of discretion.

34. Further, Reliance's decision to terminate or discontinue payment of benefits was not supported by the substantial evidence in the record.

35. Plaintiff has complied with all conditions of the Plan, and he has fully exhausted all his administrative remedies.

36. As a direct and proximate result of the conduct of the Defendant in failing to continue to provide benefits under the Plan, Plaintiff has been harmed and has suffered financial damages.

**WHEREFORE**, Plaintiff prays that he recover judgment in his favor and against Defendant as follows:

(1) Find that Donald P. Mollis remains disabled and entitled to long-term disability benefits under the Plan;

(2) A lump sum award of long-term disability benefits, calculated based upon the monthly payment to which Donald P. Mollis is entitled, from the date benefits were discontinued until the date of judgment, and continuing;

(3) An order directing Reliance to pay a monthly benefit to Plaintiff commencing on the date of judgment and continuing until Mr. Mollis no longer satisfies the definition under the Plan;

(4) Prejudgment and post-judgment interest;

(5) For an award of attorney fees and costs under 29 U.S.C. 1132(g)(1); and

(6) For such other relief as this court deems just and proper.

Respectfully submitted,

/s/ Edward C. Ahlers
Edward C. Ahlers (0014940)
Crowley, Ahlers & Roth Co., L.P.A.
600 Vine Street, Suite 908
Cincinnati, OH 45202
Phone: (513) 621-1652
Fax:    (513) 621-8430
E-Mail: eahlers@ohio-comp.com
*Attorney for Plaintiff, Donald P. Mollis*